THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR, *v.* ROGER HICKEY AND JOHN B. LYNCH, PLAINTIFFS IN ERROR.

*Chap. 74 of 1854 — what necessary to authorize conviction under.*

Under chapter 74 of 1854, providing for the punishment of any person convicted of "any assault upon the person of another with any knife, dirk, dagger or other sharp, dangerous weapon," no conviction can be had unless the weapon with which the assault is made is sharp, as well as dangerous.

WRIT OF ERROR to the Court of General Sessions of Warren county, to review the conviction and sentence of the plaintiffs in error of an assault with intent to kill.

The indictment charged that the plaintiffs in error assaulted one William J. Davis with an iron stove griddle or cover, a club and a chair, with intent to kill him.

The jury rendered the following verdict: " Guilty of an assault and battery, without justifiable or excusable cause, with a dangerous weapon, with intent to do bodily harm."   The prisoners were then sentenced to hard labor in the State prison for two years, under the act of 1854.

*A. J. Cheritree*, for the plaintiffs in error.

*Charles M. Mott*, for the defendants in error.

LEARNED, P. J.:

We have no doubt that the statutory offense must be an assault with a sharp as well as with a dangerous weapon.   This is the reasonable construction of the language.   It is also the construction implied by the language of the Court of Appeals in the case of *Filkins, plaintiff in error*, v. *The People, defendants in error* (4 Weekly Digest).

In the present case the jury did not find that the assault was with a sharp weapon, and it was not, in fact.   The verdict, therefore, is in effect for an assault and battery.   And the judgment must be reversed, and the case remitted to the Court of Sessions for a sentence, viz., for a conviction for assault and battery.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed and case remitted to Court of Sessions for sentence on verdict of assault and battery.